Vincent A. Lupiano, J.
Defendants move pursuant to rule 3211 (subd. [a], par. 7) of the Civil Practice Law and Rules for dismissal of the second cause of action for insufficiency. The first cause is based on common-law fraud. In the second cause it is alleged and charged that the acts, subject of the first cause, constitute a violation of subdivision 2 of section 12 of the Securities Act of 1933 (U. S. Code, tit. 15, § 111, subd. 2) which reads as follows: “ Any person who— * * * (2) offers or sells a security (whether or not exempted by the provisions of section 77c of this title, other than paragraph (2) of subsection (a) of said section), by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.”
The complaint involves three transactions of purchase of securities. No objection is raised to the first cause of action yet defendant urges as to the second cause that there is no allegation of representation as to a material fact or failure to state a material fact necessary to remove the misleading character of any statement, that plaintiff has not alleged that there was failure to timely discover the truth despite due diligence, and that the allegation of damage is defective.
The statute was enacted to protect persons in a position of inequality and in a relationship with the broker akin to a fiduciary relationship. The phrase therein that “ an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements in the light of the circumstances under which they were made, not misleading” should be liberally construed. With respect to at least two of *570 the transactions it is alleged that plaintiff was persuaded to sign an ‘ ‘ investment letter ’ ’ in relation to unregistered securities upon the representation that it meant only that the plaintiff would be assured of capital gains in six months if and when he sold his stock. The reasonable inference is that defendants did not disclose that the securities were unregistered. With respect to the allegation affecting the Statute of Limitations, plaintiff states that he relied on the representation, had no knowledge of the Securities Act and therefore relied on the honesty and fiduciary obligation of the defendants in signing the investment letter; that he did not know and could not reasonably have known of the falsity of the statements or omissions of statements made by the defendants as stated in the first cause of action, and did not acquire knowledge thereof until on or about April 1,1962. This element of the claim is therefore sufficiently set out to apprise the defendants of its nature. The allegation of damage, however, is insufficient. It does not appear that plaintiff holds the securities or tendered them. He now asserts that he does not hold them. The element of damage is lacking in the absence of assertion of purchase price and proceeds of sale or any other basis to support a claim of damage.
The motion is granted and pursuant to request plaintiff may serve an amended complaint within 10 days from service of a copy of this order with notice of entry.